O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 92-01074 DDP |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO AMEND** |
| | ) | **JUDGMENT AND COMMITMENT ORDER TO** |
| v. | ) | **REDUCE SENTENCE PURSUANT TO 18** |
| | ) | **U.S.C. § 3582** |
| JAMES A. BERGER, JR., | ) | |
| | ) | [Motion filed on May 6, 2008] |
| Defendant. | ) | |

This matter comes before the Court on Defendant James A. Berger's 18 U.S.C. § 3582(c)(2) motion seeking a reduction of his sentence on the basis of the new sentencing guidelines for crack cocaine. The Government has opposed the motion. After reviewing the materials submitted by the parties,[1] the Court denies the motion.

**I.   BACKGROUND**

On November 5, 1993, Defendant James A. Berger, Jr. was charged with (1) conspiracy to distribute and to possess cocaine base with intent to distribute, (2) distribution of 273 grams of

---

[1] The court has also reviewed Defendant's supplemental submission on the new administration's crack cocaine sentencing stance.

1  cocaine base, (3) possession with intent to distribute 273 grams of
2  cocaine base, (4) use of a firearm during a drug trafficking
3  offense, (5) possession with intent to distribute 16.4 grams of
4  cocaine base, and (6) use of a firearm during a drug trafficking
5  offense.  (Dkt. No. 51 (Second Superseding Indictment); Mot. at 4;
6  Opp. at 1.)  The Presentence Report calculated a base offense level
7  of 34.  (Mot., Ex. A at 2 (Presentence Report "PSR".)  Two points
8  were added (+2) for Defendant's role in the offense as a
9  leader/organizer.  Defendant was found to be a career offender
10 based on prior felony convictions for a total offense level of 37.
11 (PSR at 2.)  The total quantity of drugs involved in Defendant's
12 conviction was 289.7 grams of cocaine base.  (Opp. at 1.)  Because
13 this amount was well over 50 grams, it carried a statutory maximum
14 sentence of life imprisonment.  (Opp. at 1; 21 U.S.C. §
15 841(b)(1)(A)(iii).)  Following two appeals, the Ninth Circuit
16 vacated count 6, and the Government dismissed counts 3 and 4.
17 (Mot., Ex. F (Ninth Circuit Memorandum); Mot., Ex. D (Judgment and
18 Commitment Order dated Nov. 17, 1995); Mot., Ex. E (Judgment and
19 Commitment Order dated Feb. 11, 1997).)  On February 10, 1997, the
20 district court sentenced Defendant to 360 months imprisonment, the
21 low end of the resulting guideline range, followed by a 10-year
22 term of supervised release.  (Mot., Ex. E.)
23     Defendant seeks a reduction of his sentence.  Defendant asks
24 the Court to decrease his base offense level of 34 to 32, resulting
25 in a decrease in the resulting guideline range from 262-327 to 210-
26 262 months.  (Id. at 9.)  Defendant's request involves a
27 reconsideration of the two-level enhancement for his role as a
28

leader/organizer in the offenses in addition to the imposition of the career offender provisions.  (Id.)

**II. Legal Standard**

The Sentencing Guidelines for crack cocaine offenses have been amended.  See U.S.S.G. § 2D1.1, app. C, Amendment 706.  Amendment 706 adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine (or "Cocaine Base") listed in the Drug Quantity Table in § 2D1.1, and provides a mechanism for determining the guideline range for offenses involving crack.  The Amendment became effective on November 1, 2007 and, as of March 3, 2008, time reductions for crack cocaine offenders sentenced before November 1, 2007 are authorized pursuant to 18 U.S.C. § 3582(c)(2).[2]  U.S. v. Ross, 511 F.3d 1233, 1237 n.2 (9th Cir. 2008).

"[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge."  U.S. v. Townsend, 98 F.3d 510, 512 (9th Cir. 1996).  Section 3582(c) "allows the district court to re-calculate the defendant's sentencing range using the newly reduced Guideline, and then

---

[2] Section 3582(c)(2) provides:
> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court   may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 (c)(2).

3

determine an appropriate sentence in accordance with the § 3553(a) factors." U.S. v. Hicks, 472 F.3d 1167, 1170 (9th Cir. 2007). In addition, "[w]hen the original sentence represented a downward departure, a comparable reduction below the amended guideline range may be appropriate." § 1B1.10(b)(1) cmt. n.3. "[I]t would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary.'" Kimbrough v. U.S., 128 S.Ct. 588, 563 (2007). "In determining whether, and to what extent, a reduction in the term of imprisonment is warranted . . . under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) . . . been in effect at the time the defendant was sentenced." § 1B1.10(b)(1).

**III. DISCUSSION**

    A.   <u>Two-Level Organizer Enhancement (§ 3B1.1(c))</u>[3]

Defendant argues that the Court should reconsider the two-level enhancement of his base offense level because it "[was]

---

[3] Section 3B1.1 of the Guidelines informs the district court's determination of an increase in offense level based on the defendant's aggravating role in the offense:

> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
> (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
> (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

§ 3B.1(a)-(c).

equally probable that Berger Sr. was the organizer of the drug trafficking . . . [and] Moore's interstate travel and management of street level dealers made him equally culpable." (Mot. at 10.)

The Guidelines provide that, in determining whether the enhancement applies, a court should be guided by the following factors relevant to the defendant's conduct:

> [the] exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

§ 3B1.1, cmt. n.4; United States v. Ingham, 486 F.3d 1068, 1074 (9th Cir. 2007). According to the PSR,

> [e]vidence found at 620 St. Andrews Place, Apartment No. 107, on November 18, 1992, suggests that the defendant was the manager/organizer of this conspiracy. Agents located multiple small plastic Ziploc bags, an Ohaus triple beam balance scale with white residue on it, and three Pyrex glass beakers with a glass stirrer, also with white residue on it. Additionally, when a search warrant was executed on the apartment residence at 614 S. St. Andrews Place in Los Angeles, the defendant waived his rights, directed the agents to a 12 gauge Mossberg shotgun and ammunition. He also directed agents to a kitchen cabinet containing 16.4 grams of cocaine base. The sum of $2,800 in cash, was also found in the apartment. For these reasons, a two-level upward adjustment is being applied for manager/organizer.

PSR ¶ 43.

The Court continues to find a two-level enhancement appropriate because there was ample evidence that Defendant was an

1  organizer, leader, manager, or supervisor in his criminal
2  activities.
3      B.   <u>Defendant Was Sentenced Under § 4B1.1[4]</u>
4       Defendant argues that "[e]ven though the Court found that [he]
5  should be sentenced as a career offender, he was 'sentenced to a
6  term of imprisonment based on a sentencing range that has
7  subsequently been lowered . . . [since the] probation officer
8  applied the § 2D1.1 guideline for drug offenses."  (Mot. at 7-8.)
9  In response, the Government contends that Defendant's sentence did
10 not rest on an amended provision of the Guideline, but was
11 independently based on the career offender guideline, which, unlike
12 the Drug Quantity Table, has not been lowered by the Sentencing
13 Commission.  (Opp. at 7.)
14      Where a retroactive amendment "does not have the effect of
15 lowering the defendant's applicable guideline range," a reduction
16 in the sentence pursuant to 18 U.S.C. § 3582(c)(2) is "not

---

[4] Section 4B1.1 provides:

>    (a) A defendant is a career offender if
>    (1) the defendant was at least eighteen years
>    old at the time the defendant committed the
>    instant offense of conviction;
>    (2) the instant offense of conviction is a
>    felony that is either a crime of violence or a
>    controlled substance offense; and
>    (3) the defendant has at least two prior
>    felony convictions of either a crime of
>    violence or a controlled substance offense.
>    (b) Except as provided in subsection (c), if
>    the offense level for a career offender from
>    the table in this subsection is greater than
>    the offense level otherwise applicable, the
>    offense level from the table in this
>    subsection shall apply.  A career offender's
>    criminal history category in every case under
>    this subsection shall be Category VI.

§ 4B1.1.

6

authorized." §1B1.10(a)(2)(B).  When a court calculates a defendant's offense level, it must first compare the offense level under the Guidelines and the offense level for a career offender, and then choose the greater offense level between the two. See § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the [career offender level] shall apply."). Here, the offense level in the career offender table (37) exceeded the offense level calculated by the crime and the enhancement (36). Therefore, the career offender offense level was controlling, as was the career offender criminal history of Category of VI.  After the Ninth Circuit remand, the court sentenced Defendant to 360 months, the low-end of the sentencing range.  Accordingly, Defendant's sentencing range was solely determined by, and "based on," the career offender guidelines.

### C.   Amendment 706 Does Not Apply

Because Defendant was sentenced as a career offender, Amendment 706 does not apply. See United States v. McDoughtery, 2008 WL 752597, *4-5 (C.D. Cal March 18, 2008) (Morrow, J.) ("Amendment 706 does not assist defendants deemed "career offenders" under the Sentencing Guidelines."); United States v. Webb, 2008 WL 4534358 (E.D. Wash. Oct. 7, 2008) (concluding that the defendant's guideline range was unaffected by Amendment 706 because he was sentenced as a career offender); see, e.g., United States v. Tingle, 524 F.3d 839, 840 (8th Cir. 2008) ("Although the Sentencing Commission lowered the offense levels in [] § 2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under [] § 4B1.1").

7

Moreover, § 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1b1.10 (b)(1). Accordingly, Defendant does not receive any relief under § 1B1.10 because he was sentenced as a career offender. See United States v. Lee, 2008 WL 2357243 (N.D. Cal. June 6, 2008) (Illston, J.) (rejecting defendant's § 3582(c)(2) motion and claim that his career offender sentencing range was at least indirectly "based on" the retroactively reduced Section 2D1.1(c) guidelines for crack cocaine). Indeed, once the district court determined that Defendant qualified as a career offender, Defendant's offense level resulting from the crime and the relevant enhancement criteria became irrelevant. See also United States v. Green, 2008 WL 2705589, *2 (W.D. Wash. July 8, 2008). Thus, the sentencing court was required to sentence Defendant under the career offender guideline. As a result, this Court has no authority to reduce Defendant's sentence.

D. *Booker* Does Not Give the Court the Authority to Reduce Defendant's Sentence

Defendant's reliance on United States v. Booker, 543 U.S. 220 (2005), is to no avail here. Defendant argues that his career offender status has "no impediment to resentencing under 18 U.S.C. § 3582(c)(2) . . . [because] after Booker . . . [the] guideline is strictly advisory and the Court is not required to apply it." (Mot. at 8.) Despite Booker's holding that the Sentencing Guidelines are advisory, this Court does not have the authority to lower Defendant's sentence because he was sentenced as a career

8

offender.  Booker only applies *after* a district court has authority over the resentencing based on a sentencing range that has been lowered.  See 18 U.S.C. § 3582(c)(2); see also Hicks, 472 F.3d at 1171 ("[E]very court to consider [the argument that Booker provides a basis for sentence reduction] has rejected it because § 3582(c)(2) allows resentencing only when the Commission lowers an applicable Guideline.").  Indeed, the Court cannot "resentence defendant merely because the sentencing court, had it been acting under the advisory Guidelines in the wake of Booker . . . might have chosen to pay more attention to the lower § 2D1.1 sentencing range than the § 4B1.1 career offender range.  Booker itself does not provide 'the requisite authority to reopen sentencing proceedings under § 3582(c)(2),' . . . and without authority to reopen sentencing proceedings under § 3582(c)(2), this Court cannot reconsider defendant's sentence in light of the advisory nature of the Guidelines and the admittedly lower sentencing range that would have applied had Defendant not been sentenced as a career offender."  Lee, 2008 WL 2357243 at *3, citing Hicks, 472 F.3d at 1171 (9th Cir. 2007).

    E.    Defendant's Sentence Does Not Violate *Apprendi*.

Finally, Defendant argues that the jury did not find that he distributed "crack" because he was instead charged in an indictment with distributing "cocaine base."  (Mot. at 10.)  See United States v. Hollis, 490 F.3d 1149, 1156-57 (9th Cir. 2007) (holding Apprendi error occurred where indictment did not charge and jury did not find "crack" cocaine to trigger enhanced penalties for cocaine base).

1    To invoke a crack cocaine enhancement, the Government must
2 prove by a preponderance of the evidence that the substance was
3 crack cocaine and not another form of cocaine powder.  See United
4 States v. Nguyen, 997 F.Supp. 1281, 1288 (C.D. Cal. 1998).  The
5 Government may meet this burden by showing that witnesses familiar
6 with crack identified the substance as crack.  See United States v.
7 Rodriguez, 2007 WL 1052489, *2 (N.D. Ill. April 2, 2007).  Here,
8 the PSR indicates that the Albuquerque Police Department had
9 received information from a cooperating individual (CI) that
10 Defendant's co-conspirator, Moore, was making weekly trips to Los
11 Angeles to purchase "crack" cocaine, flying to Los Angeles on one
12 day and returning to Albuquerque the next.  The CI told detectives
13 that Moore employed four to six "street dealers" to distribute his
14 "crack" cocaine.  (Mot., Ex. A ¶ 16.)  Additionally, the Ninth
15 Circuit indicated that Moore "would pick up about 10 ounces of
16 crack cocaine that he would then sell in Albuquerque.  Berger or
17 Berger's wife would travel to Albuquerque to collect the proceeds."
18 (Mot., Ex. F at 3.)
19    Here, the Government proved by a preponderance of the evidence
20 that Defendant had been conspiring to sell, selling, and
21 distributing crack cocaine during trial.  Therefore, Defendant's
22 sentence did not violate Apprendi by exposing him to an enhanced
23 sentence.
24 **IV.  CONCLUSION**
25    For the foregoing reasons, the Court denies Defendant's
26 Motion.  Although the Court is cognizant of the significant
27 historical disparities between sentencing for powder and crack
28 cocaine, and understands that the position of the new

administration is to make further changes, the Court finds that Defendant's career offender status precludes relief under § 3582(c)(2).

IT IS SO ORDERED.

Dated: June 24, 2009

DEAN D. PREGERSON
United States District Judge

11